IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MI'TE PHARU EL, | |
| Plaintiff, | **8:19CV371** |
| vs. | |
| STATE OF NEBRASKA, DOUGLAS COUNTY DISTRICT COURT, KEVIN C. VODICKA, Policeman, 1693; CHRISTOPHER J. MELTON, Policeman, 2402; JOHNYTHN G. ELLINGSON, Policeman, 2353; JUSTIN A. RUBY, Policeman, 2359; REGINALD JOHNSON, Omaha Vehicle Impound Lot Employee; SHERYL L. LOHAUS, Magistrate Judge; and OMAHA VEHICLE IMPOUND LOT, | **MEMORANDUM AND ORDER** |
| Defendants. | |

On August 22, 2019, Mi'Te Pharu El ("Pharu El"), proceeding pro se, filed a Legal Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (Filing 1.) The clerk of this court docketed the Notice of Removal as a civil complaint filed pursuant to 42 U.S.C. § 1983 (i.e., a civil rights action). Pharu El has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Pharu El's pleading to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

In his pleading, Pharu El refers to himself as "Petitioner" and lists the State of Nebraska, the Douglas County District Court, the City of Omaha, an Omaha Vehicle Impound Lot employee, several Omaha Police Department officers, a

Douglas County Sheriff's officer, two Douglas County Court judges, and a Douglas County Assistant Public Defender as "Plaintiffs." (Filing 1 at CM/ECF pp. 5, 12.) Pharu El seeks to remove his Douglas County, Nebraska criminal case, Case No. CR19-15473, in which he is charged with driving under suspension, possession of marijuana over one ounce, no valid registration, and unlawful display of plates. (Id. at CM/ECF pp. 1, 5, 7.) According to Pharu El's state court records,[1] Pharu El failed to appear for a hearing in Case No. CR19-15473 on August 20, 2019, a bench warrant was issued for his arrest, and the case currently remains open and pending.

Essentially, Pharu El contends that he is an "In Propria Persona, Sui Juris, Jus Soli, Aboriginal, Indigenous Moorish American National" and is not subject to the jurisdiction of the Douglas County Court. (Id. at CM/ECF p. 5.) Pharu El seeks dismissal of "all unconstitutional Citations-Summons, Warrants, Tickets-Suit, (misrepresented) Bill of Exchange" associated with Case No. CR19-15473 or to have the case "brought before a legitimately-delegated, and competent 'Court of Law' of international jurisdiction/venue." (Id. at CM/ECF p. 10 (alterations to capitalization and punctuation).) Pharu El also asks for an award of damages from each of the "Plaintiffs."

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious

---

[1] This court has been afforded access to the computerized record keeping system for the Nebraska state courts. The court takes judicial notice of the state court records related to this case in *State v. Mi Te Pharu El*, Case No. CR19-15473, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Notice of Removal

It appears that Pharu El may be attempting to remove his state criminal case to this court pursuant to 28 U.S.C. §§ 1443 and 1455. A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause

shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Pharu El's Notice of Removal is deficient as it does not contain "a copy of all process, pleadings, and orders served upon" him in the state criminal case, nor was it timely filed within 30 days of his arraignment. (*See* Filing 1 at

CM/ECF pp. 6–7.) Additionally, Pharu El does not allege he was denied any civil rights on racial grounds or under a federal equal-rights law. Rather, Pharu El claims that his purported status as a Moorish National essentially makes him immune from Nebraska law. It does not, and such a premise, often utilized by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, has been repeatedly rejected as frivolous. *See Bey v. Missouri*, No. 4:18-CV-1515-JCH, 2018 WL 5831251, at *1 (E.D. Mo. Nov. 7, 2018), *appeal dismissed*, No. 19-1309, 2019 WL 3814394 (8th Cir. Apr. 10, 2019) (citing cases). Thus, to the extent Pharu El is requesting removal of his state criminal case to this court, this matter is summarily remanded to the County Court of Douglas County, Nebraska, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

## B. Section 1983 Civil Complaint

To the extent Pharu El's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, the court must abstain from exercising jurisdiction over his claims for injunctive relief pursuant to the *Younger* abstention doctrine. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Pharu El's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Pharu El has alleged no such extraordinary circumstances in his Notice of Removal. Thus, Plaintiff is advised that the court will not interfere with, or intervene in, his ongoing criminal proceedings.

With respect to Pharu El's claims for monetary relief, the court determines that Pharu El's claims are frivolous as they are based upon an indisputably

meritless legal theory, i.e. that Pharu El is not subject to the jurisdiction and laws of Nebraska because he is a Moorish National. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory); *Bey v. Missouri*, *supra*. Accordingly, to the extent Pharu El's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it shall be dismissed for lack of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

IT IS THEREFORE ORDERED that:

1.      To the extent Pharu El's Notice of Removal may be construed as a civil complaint, this action is dismissed without prejudice for lack of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.      To the extent Pharu El is requesting removal of his state criminal case to this court, his request is denied, and this case is remanded to the County Court of Douglas County, Nebraska.

3.      Judgment shall be entered by separate document.

4.      The clerk of the court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the County Court of Douglas County, Nebraska.

Dated this 16th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge